We will now proceed to the fourth case today that is appeal number 24-2286 Pam v. City of Evansville. Mr. Miller, whenever you're ready. Good morning, Your Honors. My name is Mark Miller. I'm an attorney for the Special Administrators of the Estate of Rico Pam. Mr. Pam died on November 8th of 2020. He was killed by two police officers of the Evansville Indiana Police Department and the court granted some re-judgment in their favor and we are here on our appeal of that determination. In my comments I'd like to focus on two issues that I think are the key to our appeal and also the defendant's or the appellee's position. First of all, this court has said on more than one occasion that summary judgment is often not appropriate in cases involving 1983 liability due to the fact that they're very typically fact sensitive cases. There has been also comments to the effect that if the victim is dead then summary judgment should be rarely granted. It's not always that phrase I'm not trying to quote but that is the intent I believe of this court's prior decisions. What's missing is what do we do? How do we treat this fact which is undisputed? Mr. Pam is deceased and he was killed on November 8th 2020 by officers McQuay and Offerman. The significance of this is that there's no one who was there at the scene who can contradict the story, the version of what happened that the officers submit. If there is no one to tell the opposite side of the story then the death has silenced the victim and made it impossible for the victim to testify. We discussed this in our briefing about whether I think we use the word inference should be given drawn in favor of the state that the summary judgment should be denied. I didn't say but I'd like to add to that unless it's the overwhelming evidence or rebutted by other evidence. So if there were for example to use an example we have body camera footage here that from both officers that I think that even the appellees would argue is inconclusive and should not be considered to contradict the testimony of the officers but they also argue that the officers testimonies corroborated by the video. So but in this hypothetical situation if you had a case where that were not the case yet well-lit well-defined view of what happened then that would overcome this inference or presumption. We don't have that here and I think that the fact that we don't have it is undisputed because the detective who investigated the use of force and the potential for a criminal activity in this case found that the evidence was not conclusive that Mr. Pam pointed a gun at the officers. He said he could not see that occurring. That evidence was disregarded by the trial court. That evidence was given no weight. The death itself was disregarded by the trial court and given no weight. That in our view it should make the should this court which be justified to reverse and remand for reconsideration or trial. How would that officer I think it's Ardball. How would his testimony come in as evidence if this were to go to trial because he was not you know he's not talking about personal knowledge right and with regard to what the video shows he's not offering anything that a jury or a trier fact or the court wouldn't otherwise see and so I guess I have a hard time understanding how his testimony or the testimony of Ms. Boyd would come in if this case were to go to trial. I think the the evidence that would go in your honor is the body cam footage which is inconclusive as to whether or not Mr. Boyd Mr. Pam was pointing a gun at the officers. That comes in whether we can get the testimony the investigating officer and his conclusions as part of that process which is mandated by law and local practice. I disagree with you. So the absence of a rule for these circumstances the situation where the victim is killed creates a couple of problems that we don't think were addressed by the court and that this court should address and the first is that rule 56 was intended to be granted only when there are no material genuine material disputes of fact. The burden clearly under the rule in the cases is on the moving party. In the 1983 context the and particularly in the case of a victim who's been killed this has turned the burden around and the burden of on summary judgment has become the burden of the victim to prove that the acts were unreasonable under Graham or and and also not subject to qualified immunity. That I don't believe is a correct application of the concept of rule 56 and the rule 56 terms itself. More importantly it leaves the victims of police force in a situation where they they can never win and absent an extraordinary set of facts with clear body footage showing that something has happened. They cannot win or an eyewitness or someone who testifies contrary to the evidence of the police officers. So in other words the effect of all this is that the police officers version of what happened becomes undisputable which creates and I've argued this recently in another case but I believe it to be the case it creates an incentive whether it's followed or not whether it's intended to be or not to kill the person so there is no victim. Mr. Miller can you identify some authority another court that has supported that view? Other than the cases we decisions of this court and the Ninth Circuit I think we cited in our brief no your honor I've been unable to find any guidance on how the court should look at summary judgment in the context of where the victim of the excessive force has been killed. If there are no more questions I'll reserve. Actually counsel I have a question. I watched the videos including the Arbol video and at one point during the video the officer says this came out of his right pocket that was out of his right pocket I wanted to stay there referring to the firearm. Is there anything else in the record about those statements from Officer Arbol? Was he deposed? Did you make an argument about them? We made an argument about the photograph of the things. I know the photograph but about the body cam comments by Mr. Arbol. No we did not. Thank you. Thank you. Mr. Corisol. Good morning your honor Matt Corisol. May it please the court my name is Matt Corisol and it's my pleasure to stand before the court today on behalf of Officer Corey Offerman and Sergeant John McQuay. I'd like to begin my time by addressing several of the arguments that were raised by appellants. Yes the Seventh Circuit precedent is clear that these can be fact sensitive cases. There is precedent to suggest that a deceased victim can make these difficult but to that I'd say we have numerous decisions of this court affirming grants of summary judgment in excessive force cases and specifically lethal force cases. So to affirm the district court's order here would be simply to follow the established precedent of this court. And I believe I heard a concession by appellants during their time that there is not a contradictory version of events, any version of events to contradict what the officers have said. And under Rule 56 under Anderson v. Liberty Lobby that means that the order must be affirmed. A lot is discussed by appellants with I believe it's actually Officer Campbell's testimony. He was the detective who was deposed and when asked stated that he could not see a gun at the exact moment or the second before the shots were fired and I believe your honor also made a reference to the testimony of Ms. Boyd. And I think a very good point was made is that testimony by both of those individuals is not admissible evidence it's commentary on evidence. And that does not defeat a summary judgment motion starting with Officer Campbell's testimony. Appellants seem to suggest that the body cam video must perfectly corroborate the other undisputed material evidence in order for summary judgment to be proper. That is not the case. There is no contradictory evidence to the video or the officer's testimony. The video does not show empty hands. The video does not show surrender. It does not show something else in Mr. Pam's hand. So the fact that the video does not perfectly corroborate isn't enough for reversal of the district court's order. In fact, summary judgment would be appropriate if there were no body cam video at all. And then secondly, again, the testimony of Ms. Boyd as to what she believes she heard does not come in. It's not relevant. It's more commentary on other evidence and does not create an issue of material facts. What if the body cam video can be interpreted either way? In other words, let's take another hypothetical case. Let's say if you show the body cam video to three different judges, let's say you get three different opinions as to whether or not the body cam shows that the deceased pulled a gun out or not. In that situation, would you say that that case should go to the jury or should the judge on summary judgment take a look at it and use his or her judgment as to whether or not, as to what the video says? That case would not need to go to the jury unless we're talking about some other body camera footage that shows an inconsistent version of events or the video is inconsistent with other testimony. Here the video is not inconsistent with the officer's testimony. It's just in that one split second before the shot, the video is too blurry to see exactly what is in Mr. Pam's hand. And so that's why we look at the totality of the circumstances, the totality of the evidence. Both officers testified unequivocally in the immediate moments before they used lethal force that Mr. Pam was raising a firearm up towards them. The body camera does corroborate that Mr. Pam had a gun and attempted to use it against the officers because we see it as the officer's approach lying on the ground next to his body. So again, I think the fine point to be made in where appellants fall short is they're asking this court to reverse a grant of summary judgment because defendant's body camera footage is not perfect. And that's not the standard under Rule 56. They must come forward with concrete evidence to show that there is a contradictory version of events requiring a trial. I'd like to move on to, there's also some commentary about shifting burden on 1983 cases, specifically excessive force cases. At first I'd note that when it comes to qualified immunity, the burden has always been on the non-movements for the victim to show that qualified immunity is inappropriate. The district court here correctly found that that burden was not met. Similarly, there is a burden for all non-movements on summary judgment after the movement has met his initial burden. And the district court correctly found that the defendant's appellees did more than meet their burden under summary judgment. And the appellants were unable to come forward with more than speculation, conjecture, red herrings. They weren't able to come up with any more than that. Overcoming summary judgment requires concrete evidence. The appellants were unable to present that. So in summary, this case boils down to, well, let me back up a sec. On page 7 of appellant's reply brief, they concede that if the district court correctly determined that there were no issues of material fact, that the legal analysis is then correct. The officer's actions was justified under Graham, and in any event, shielded by qualified immunity. So in summation, the district court correctly determined that there are no genuine issues with respect to any material fact. And therefore, the force used by McQuay and Offerman was justified under Graham. Unless the court has any further questions, I'll concede the rest of my time. Thank you. Mr. Miller? Thank you, Your Honor. To Mr. Caruso's answer to your question, I think the hypothetical you gave supports our position in this case, which is if three people could come to a different conclusion about what happened in that video, then three jurors or six jurors or 12 jurors, depending on which jurisdiction you're in, could come to a different conclusion about what happened on the body cam and what was shown by the body cam. And that's kind of the key to our point that we've been trying to make, which is that because the victim is dead and because of the way that the burden has been shifted, it puts the plaintiffs in a position of they cannot win a case without evidence that most of the time, according to this court's comment, does not exist. The fifth shot, the shot that was made by Officer Sergeant McQuay, was intended to make sure that he was dead. That's the testimony. That's the circumstances. Thank you. Thank you, Mr. Miller. The case will be taken under advisement. Thank you, counsel.